[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves custody and visitation issues between two currently married people who have been separated about three years.1* This action was commenced by the plaintiff husband, Ivan Serrano, acting pro se, in March of 2001, claiming sole custody of four children: Edgar A. Serrano, born March 18, 1991; Thomas I. Serrano, born July 22, 1993; Brandon I. Serrano, born September 20, 1994; and, Destinee M. Serrano, born October 6, 1997.
The defendant wife in turn filed, on April 20, 2001, a request that the Court give her sole custody to the minor child, Destinee, and joint legal custody for the rest of the children and the right to visit the three boys. She had no objection to the husband having primary residence of the boys.
The defendant mother claims that Ivan, her husband, is not the biological father of Destinee but, rather, some person by the name of Mike Curran.
Temporary custody of the children was given previously to the plaintiff father without prejudice. Shortly thereafter the Children's Law Center was appointed as guardian for all the children and Attorney Otto Iglesias filed his appearance on behalf of the children because he is an attorney for the Children's Law Center of Connecticut.
In addition, the issues were referred to Family Relations for studies: custody study and a home study of the plaintiff and also referred to Pennsylvania for a home study of the defendant wife.
This case was heard on March 11th. The Court heard four witnesses: the Family Relations officer, the guardian ad litem, and the two parties.
The Family Relations officer conducted a study and recommended the following: CT Page 3987
1) This writer is recommending that Mr. Serrano have sole custody of Edgar, Thomas, Brandon, and Destinee Serrano.
2) Father should arrange for the children to participate in family therapy.
3) Mr. Serrano and Mrs. Serrano should have contact with a therapist and follow the recommendations of the therapist.
4) When Mrs. Serrano is able to travel to Connecticut to visit the children, her parenting time should be discussed with a family therapist to determine if her contact should be supervised.
5) Mrs. Serrano should participate in clinical substance abuse evaluation and follow the recommendations for treatment.
6) Neither party should consume drugs or alcohol while with the children or twenty-four hours prior to their contact with them.
7) Neither party or their significant others should use physical discipline with the children.
Among the things that the Family Relations officer did in order to come up with her recommendation, she interviewed the children directly and also the social worker at the school.
Edgar, age 11, is currently in the 5th grade at Kinsella School. He was very forthcoming to the counselor about his experiences living with his mother. He described instances when Mrs. Serrano would leave them to "go out drinking," and he described how her drinking influenced her mood.
Edgar described his current experience of residing with his father and Ms. Centeno as being very comfortable. He stated he felt secure that his father was taking good care of him and meeting the needs of his brothers and sisters.
Thomas, age 10, is currently attending the school at the Hartford Transitional Learning Academy. According to the school social worker, Ms. Caldwell, Thomas is a likeable child who cares about others. Ms. Caldwell states that she has not experienced any behavioral problems with Thomas, although he had some difficulty in getting along with others in a classroom setting. Ms. Caldwell expressed concern at Thomas's lacking an interest in having a relationship with this mother. Thomas reported to Ms. Caldwell that his mother does not call him and he doesn't miss her. CT Page 3988 However, he reported missing his step-brother, Erick. She believes that Thomas could benefit from therapy.
Brandon, age 7, attends Moylan School. His school social worker is Ms. Weisenger. Similar to his brothers and sister, Brandon feels comfortable in his current living situation. However, he was forthcoming about his negative experiences when living with his mother. He discussed his mother's use of alcohol and indicated that when she drank "she would get mad for nothing and hit us."
Destinee turned 5 in October. She currently attends Burr Elementary School for kindergarten. According to the school nurse, Destinee is a very smart, pleasant young girl. School professionals are particularly impressed that although she didn't attend a preschool program, when she started school she knew her colors and letters.
At the time of the Family Relations officer home visit Destinee approached her father for affection. She has her own room, plays with dolls, and reports that her favorite thing is to play with her brothers.
Destinee discussed with the Family Relations officer that her "old mom was trying to take her away from daddy." Destinee described that she "likes living with her daddy" because he "doesn't hit her like her old mom used to."
According to the Family Relations officer, Ivan Serrano appears to be a lighthearted, cooperative, hardworking individual who, despite his childcare responsibilities and limited income, is committed to his role as a parent. The home visit done by the Family Relations officer revealed that Ivan Serrano provides an appropriate, comfortable environment. The boys share a bedroom and Destinee has her own room.
The children appear comfortable, playful, and affectionate with their father, Ivan. It should be noted that when Mr. Serrano was asked to bring his children to Family Relations for a meeting with the Family Relations officer, the children arrived on time, dressed in their best clothing, which included dress slacks and ties. The children were very polite and well mannered while waiting in the office area.
The Court notes that since Destinee, for example, has been with the father for three years that her knowledge of colors and letters had to have come from the father or somebody on behalf of the father.
The attorney appointed, Attorney Iglesias of the Child Law Center, as guardian ad litem testified and also made recommendations to the Court. CT Page 3989 His recommendations include:
1) Sole custody of Destinee Serrano, born October 6, 1997, to the plaintiff father, Ivan Serrano.
2) Visitation between Destinee and Mrs. Serrano will be left to the discretion of the therapist as to whether the visit should be supervised, as well as the length and duration of any visits.
3) Mrs. Serrano is to be subjected to substance evaluation and follow through with any recommendations of the evaluator.
4) No drugs or alcohol should be consumed within twelve hours prior to a visit with Destinee.
The Court notes that there was a dispute concerning the paternity of Mr. Serrano. He believes he is the father of Destinee and Mrs. Serrano says no. But in any event, the child's birth certificate indicates that he was the father, as agreed to by both parties, and Destinee has never known any other father.
The Court will also note that Mrs. Serrano claimed that the children were kidnapped from Philadelphia. Yet, on the other hand, there was an action started in Philadelphia, according to her testimony as well as Mr. Serrano's, by Mr. Serrano for custody. At that time Mrs. Serrano did not file any cross complaint for his claim of custody in that proceeding, claiming that she was told she didn't need to. And both parties agree that the Court in Philadelphia said that the appropriate venue was Connecticut. In any event, he was never prosecuted for any claimed kidnapping. Mr. Serrano, of course, denies the kidnapping and said that Mrs. Serrano knew he was leaving for Hartford where he had relatives.
This Court inquired of Mrs. Serrano where she lives now. She apparently now lives in Indiana, Pennsylvania. Since she had moved from her previous address in Pennsylvania, the Court asked why she might not have considered moving to Hartford so that she could see her children. The only reason she gave this Court was that she didn't like Hartford and liked her current address.
As a result of the hearing, the Court concludes the following:
1) Sole custody of all the children to Ivan Serrano, including Destinee Serrano. CT Page 3990
2) The children should, because of reports from the school, be seen by a therapist. The Court recognizes that Mr. Serrano has limited means but there has been some indication that the school will assist in getting therapy needed for the children. If that is the case, then Mr. Serrano shall seek therapy for the children and report to the Family Relations officer if he has been able to secure therapy within one month.
3) Visitation by Mrs. Serrano with the children, including Destinee, shall be supervised and that supervision may be by a relative of Mr. Serrano rather than a paid supervisor until the following:
A) Mrs. Serrano shall subject herself to a substance abuse evaluation, including recommendations by a substance abuse evaluator, and the Court, through Family Relations officers, has been given information as to the report of that evaluation and any recommendations of the evaluator.
B) In the event the therapist determines that the visits should be supervised, they shall be supervised, provided that Mrs. Serrano, in the event she disagrees with that recommendation of the therapist, may have a hearing on that issue.
4) Mrs. Serrano shall not consume drugs or alcohol within twelve hours prior to a visit with any of the children.
The Court will note that there has been some information that Mr. Serrano has had some prior involvement with the criminal law, including a simple assault conviction by plea bargain with regard to Mrs. Serrano. The Court does not endorse that behavior but, clearly, his ability to properly bring up the children seems to be substantiated, and Mrs. Serrano's inability to do so has also been clearly demonstrated.
 CERTIFICATION
It is hereby certified the foregoing is a true and accurate transcript, memorandum of decision, taken and transcribed by me in the matter of Ivan Serrano v. Dawn Serrano, docket number FA02-726814, heard before the Honorable Herbert Barall, Senior Judge, on the 12th day of March 2003, at Hartford. Dated this 13th day of March 2003, at Hartford.
Herbert Barall, Judge Trial Referee
 Therese J. Albert Court Monitor